IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 16-243 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES LEROY | ) | Judge: Arthur Schwab |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE TO EXCLUDE THE TERM VICTIM

NOW comes, James Leroy, by and through his attorney, Steven C. Townsend, Esquire, and files this Motion In Limine to Exclude the Term Victim, and in support thereof avers:

1. Mr. Leroy is accused of committing the offenses of traveling in interstate and foreign commerce in violation of Title 18, United States Code, Section 2423.

2. Mr. Leroy believes the government seeks to refer to the minors and possibly others "victim" during the proceedings and trial against Mr. Leroy.[1]

3. Mr. Leroy has neither been tried by jury nor has he been convicted of the alleged offenses.

4. The Third Circuit Criminal Jury Instruction 3.06, Presumption of Innocence, Reasonable Doubt, Burden of Proof generally states: The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict

---

[1] The Governments Motions in Limine, Documents 32 – 36, repeatedly use the term "victim".

and is not overcome unless from all the evidence in this case you are convinced beyond a reasonable doubt that he is guilty. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the government throughout the case.  The defendant is not required to prove his innocence.

5. Mr. Leroy is presumed innocent, the government has the burden to prove any guilt, and thus prove there was a victim.

6. As there has been no jury trial in this case, it remains in dispute as to whether a crime was committed by Mr. Leroy. Therefore, it is disputed that there is an actual victim in this case.

7. Referring to the minors as "victims" would improperly negate the presumption of innocence.

8. The term "victim" implies a person has been the subject of a crime.

9. Allowing the use of the term "victim" would create a bias against Mr. Leroy as it assumes a crime has already been committed before a determination by a jury.

10. Allowing the use of the term "victim" does not have sufficient probative value to outweigh the vast prejudicial effect it will have on Mr. Leroy.

WHEREFORE, for the foregoing reasons, Mr. Leroy respectfully requests that this Court enter an Order prohibiting the Government or any witness from referring to the minors as "victims".

Respectfully submitted,

s/ Steven C. Townsend, Esq.

Steven C. Townsend, Esquire
PA. I.D. No. 89263
Attorney for Defendant,
James Leroy

Manor Building Penthouse
564 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-5336
(412) 281-3537 Fax
stownsend@pghlaw.com