IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMES MARK LEROY,

      Defendant.

Criminal No. 16-0243
ELECTRONICALLY FILED

### Memorandum Order on Motions in Limine

Defendant is charged in a four-count Indictment with two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § § 2423(b) and (e) relating to Minor A, from or about June 28, 2015 to July 1, 2015 and February 13, 2016 to February 15, 2016 (Counts 1 and 3), and two counts of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. §§ 2423(a) and (e) (Counts 2 and 4) for alleged illegal conduct relating to Minors A and B, from on or about June 28, 2015 to July 1, 2015, and February 13, 2016 to February 15, 2016. Pending before this Court are several Motions in Limine (docket nos. 32, 33, 34, 35, 36, 37 and 45), and responses/replies thereto.

After careful consideration, the Court HEREBY ORDERS as follows:

(1) The Government's Motion in Limine to Exclude Evidence Regarding the (Alleged) Victims' Sexual History or Sexual Predisposition (docket no. 32) is GRANTED. Fed. R. Evid. 412 bars introduction of this type of evidence and none of the three exceptions are applicable here. Additionally, the prejudicial effect of said evidence outweighs its probative value under Fed. R. Evid. 403.

1

(2) The Government's Motion in Limine to Preclude Impermissible Character evidence (docket no. 33) including non-pertinent reputation or opinion character evidence and evidence and evidence of specific instances of defendant's alleged "good" conduct, is GRANTED. Fed. R. Evid. 404(a)(2) dictates that a defendant may only introduce character traits that are pertinent to the crime charged. Moreover, unless and until defendant testifies, his character trait for truthfulness is not relevant and is therefore inadmissible. Fed. R. Evid. 608(a). Furthermore, evidence of being a "good guy" is inadmissible to prove character. Fed. R. Evid. 405(a). Finally, upon balancing the probative value of any such evidence against the prejudicial effect, the Court finds said evidence to be inadmissible under Fed. R. Evid. 403.

(3) The Government's Motion in Limine to Preclude Impermissible Hearsay (docket no. 34), specifically out of court statements made by Defendant if offered to prove the truth of the matter asserted, in the form of non-self-inculpatory statements, is GRANTED. Such statements are not admissible. "Self-inculpatory statements, when offered by the government, are admissions by a party opponent and are therefore not hearsay, see Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

(4) The Government's Motion in Limine Regarding Penalties and Mandatory Minimums (docket no. 35) is GRANTED. Neither party may reference, either directly or indirectly, potential penalties, statutory minimums or maximums or sentencing ranges upon conviction, in the presence of the jury.

(5) The Government's Motion in Limine for An Order to Protect the Identification of Minor Victims and Witnesses (docket no. 36) is GRANTED. A more detailed Protective Order will be entered forthwith.

(6) The Defendant's Motion in Limine to Exclude the Term "Victim" from the proceedings (docket no. 37) is GRANTED in part. Any reference to said alleged victims shall be in the form set forth in the forthcoming Protective Order, or by the term "alleged victim."

(7) The Defendant's Motion in Limine to Exclude Expert Testimony of Dr. Veronique Nicole Valliere (docket no. 45) under *Daubert* and Federal Rule of Evidence 702 is DENIED. "An expert witness may be permitted to testify regarding 'scientific, technical, or other specialized knowledge' if it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Walker*, 657 F.3d 160, 175 (3d Cir. 2011); *United States v. Mornan,* 413 F.3d 372, 380 (3d Cir. 2005) (quoting Fed. R. Evid. 702).

It is well accepted that "*Daubert*'s tests for the admissibility of expert scientific testimony do not require exclusion of expert testimony that involves specialized knowledge rather than scientific theory." *United States v. Bighead*, 128 F.3d at 1329, 1330. In its response, the Government has set forth a plethora of case law from both within and outside of this Circuit, supporting the use of an expert in cases such as this: to inform the jury's determination of characteristics of sexually abused children, including dynamics of long-term sexual abuse, psychological traits of abuse victims and delayed disclosure; *United States v. Johns*, 15 F.3d 740, 743 (8th Cir. 1993); and to establish grooming techniques of child abusers and explanations of the modus

operandi of sexual predators. See, e.g. *United States v. Maurizio*, 2015 WL 5228031 at *7 (W.D. Pa. 2015)(finding that expert was qualified to offer opinion regarding child sexual abuse issues regarding victims and perpetrators); *United States v. Hayward*, 359 F.3d 631, 636-37 (3d Cir. 2004)(upholding admission of expert opinion regarding groom techniques of child molesters); *United States v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006). The Court finds that the testimony of Dr. Valliere will assist the jury because many jurors are at a disadvantage when dealing with sexual abuse of children. *United States v. St. Pierre*, 812 F.2d 417, 4190420 (8th Cir. 1987). Dr. Valliere's proposed testimony is permissible under Rule 702, and the Court can see nothing in her proposed testimony that would be unduly prejudicial to Defendant and the probative value outweighs the prejudicial effect under Rule 403.

(8) Though not styled as a Motion in Limine, the Government provided notice of its intent to Introduce Evidence under Fed. R. Evid. 414 ([docket no. 38](docket no. 38)); Defendant has filed his opposition (doc. no. 47); and the Government has replied thereto (doc. no. 58). The Government seeks to introduce testimony of two alleged prior victims who were not alleged victims in the Indictment. Fed. R. Evid. 414 establishes an exception to the usual prohibition of character evidence (similar to Fed. R. Evid. 404(b)). Rule 414 states that where the defendant is accused of an offense of child molestation, "evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." However, when admitting evidence of this sort, the Court is required to conduct a balancing pursuant to Fed. R. Evid. 403. *Johnson v. Elk Lake School Distric*t, 283 F.3d 138, 155-56 (3d Cir. 2002). As noted by the

Defendant, several factors bear on the question of whether Rule 414 evidence should be admitted, including "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." *United States v. Maurizio*, 2015 5177821, at * 4 (W.D. Pa. Sept. 4, 2015)(internal citations omitted), *quoting Elk Lake*, at 156. Without having the benefit of knowing the substance of the defense, it is difficult to determine both the relevance and the probative value vs. prejudicial impact under Rule 403. Depending upon the defense put forth, this evidence may become relevant, and the Court will hold in abeyance this ruling upon Motion by the Government at the appropriate time during trial. In other words, the defense, either by its line of cross-examination, or by direct evidence submitted on his behalf, may "open the door" to the introduction of this evidence.

(9) Finally, although not styled as a Motion in Limine, the Government set forth Its Notice of Intention to Introduce Evidence under Fed. R. Evid. 404(b)([docket no. 39](#)), Defendant has filed his opposition ([docket no. 46](#)), and the Government has replied thereto ([docket no. 58](#)). The Government contends that alleged Victim 1, now 19 years of age, who is also the subject of the proposed testimony under Fed. R. of Evid. 414 as discussed immediately hereinabove, and was also allegedly sexually victimized by defendant as a child,[1] and has worked for Defendant and his associate, Brandon Fusaro Podobensky. Victim 1 allegedly was paid $1,000.00 to produce cell phone and digital camera video of Minor A using illegal drugs, and according to Victim 1, Defendant sought these videos so that Minor A would not be believed for

---

[1] To be clear, the Court has not yet ruled that the testimony regarding any sexual victimization against Victim 1 should be admitted.

disclosing sexual crimes by the Defendant. Defendant questions the relevance of these videos.

Admissibility under Rule 404(b) requires: (1) a proper non-propensity, evidentiary purpose; (2) relevance under Rule 402 to that identified purpose; (3) sufficient probative value that is not outweighed by its prejudicial effect under [Rule] 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used. *United States v. Caldwell,* 760 F.3d at 276, 277-78 (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). "Rule 403 does not require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." *United States v. Cross*, 308 F.3d 308, 320-21 (3d Cir. 2002). Proffered 404(b) evidence must also be evaluated pursuant to Rule 403 to determine whether the evidence is sufficiently probative, "i.e., not be substantially more prejudicial than probative." *Cross*, 308 F.3d at 320. The trial court must exercise great care in its analysis and assure that it is "detailed and on the record; a mere recitation of the purposes of Rule 404(b)(2) is insufficient." *Davis*, 726 F.3d at 442. The relevancy of extrinsic evidence does not turn upon the defense's theory of the case. According to the United States Court of Appeals for the Third Circuit, "[i]ssues are not irrelevant just because the defense's theory presupposes them to be. The parameters of 404(b) . . . are set by the material issues and facts the government must prove to obtain a conviction." *United States v. Sampson*, 980 F.2d 863 at 888 (3d Cir. 1992).

After careful consideration, the Court finds that testimony by Victim 1, setting forth Defendant's alleged efforts to have created video evidence in an attempt to discredit the alleged Victim A, is relevant to Defendant's consciousness of guilt. As such, it is relevant to the case. While Defendant cites *United States v. Gatto*, 995 F.2d 449, 454 (3d Cir.

1993) for the proposition that "illegality" or a threat are necessary to show consciousness of guilt, as the Government has emphasized, and this Court agrees, perfectly legal, non-threatening actions by a defendant may betray his guilty conscience, and the Court of Appeals for the Third Circuit has recognized that proper use of other conduct, that is not threatening or illegal, may show consciousness of guilt. *United States v. Green*, 25 F.3d 206, 210 (3d Cir. 1994)(affirming that flight evidence was admissible to show consciousness of guilt.).

Furthermore, the Court does not find that the probative value is substantially outweighed by the prejudicial effect of this evidence, nor does it mislead the jury. In this case, the 404(b) evidence of efforts by the Defendant to obstruct justice and obtain unflattering or incriminatory videos of a child victim does not create a risk of unfair prejudice. The charges and evidence, by their terms, are graphic. The jury will have to determine guilt based heavily upon testimony by minors who have had some relationship with Defendant. The fact that Defendant traveled and transported the children in this case will be established through documentary evidence. It appears that a primary issue will be his state of mind in conjunction with the travel and transportation. His consciousness of his guilt and efforts to allegedly "frame" a child that he claims to have cared for and cared about are, therefore, central to the determination of his state of mind and intent.

The parties shall file a jointly proposed cautionary instruction for the Court to read prior to, and after the introduction of said evidence by 1/13/17.

**SO ORDERED** this 10th day of January, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties