IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,               CRIMINAL NO.  16-00243
                                  **ELECTRONICALLY FILED**

      v.

JAMES MARK LEROY,

    Defendant.

                           **\* DRAFT 3 (objections due
                           by 1/18/17 at noon)**

# FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the Verdict Form on which you will answer specific questions.  Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form.  You should select one

member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In

other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, a smart phone like Blackberries, Droids, or iPhones, or a

computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, Twitter, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you

have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

### Exhibits

Counsel for parties have agreed to the legal admissibility of various exhibits. This means that these exhibits meet the requirements of the rules of

evidence and therefore have been admitted for your consideration. This does not mean that the parties have agreed as to the inferences or conclusions that you should or may draw from any exhibit.

**What is Not Evidence?**

The following things are not evidence:

1. The indictment;

2. Statements, arguments, questions and comments by the lawyers are not evidence.

3. Likewise, objections are not evidence. Lawyers have every right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4. Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

5. Anything you saw or heard about this case outside the courtroom is not evidence. You must decide the case only on the evidence presented here in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A

reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

**Bias, Sympathy and Prejudice**

You may not allow sympathy or personal feelings to influence your determination.  Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without

bias, prejudice, or sympathy for or against the parties or their counsel. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

**Evidence Admitted for a Limited Purpose**

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

### III. Credibility of Witnesses / Weight of Testimony in General

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

**False In One, False In All**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

**Impeachment of Witness - Prior Inconsistent Statement for Credibility Only [IF APPLICABLE]**

You have heard the testimony of (name). You have also heard that before this trial (he)(she) made a statement that may be different from (his)(her) testimony in this trial. It is up to you to determine whether this statement was made and whether it was different from (his)(her) testimony in this trial. This earlier statement was brought to your attention only to help you decide whether to believe (his)(her) testimony here at trial. You cannot use it as proof of the truth of what the witness said in the earlier statement. You can only use it as one way of evaluating (name)'s testimony in this trial.

You have also heard evidence that this witness made statements before this trial that were given before the grand jury. When a statement made

under oath, and or made before the grand jury, you may use it not only to help you decide whether you believe the witness's testimony in this trial but also as evidence of the truth of what the witness said in the earlier statement. But when a statement is not made under oath, or not given before the grand jury, you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness said in the earlier statement.

## Impeachment - Reputation for Untruthfulness [IF APPLICABLE]

You heard evidence concerning the reputation for truthfulness or untruthfulness of a witness. You may consider this evidence in deciding whether or not to believe that witness. You should give this evidence whatever weight you decide is appropriate.

## Credibility of Witnesses - Testimony of Addict or Substance Abuser [IF APPLICABLE]

Evidence was introduced during the trial that (name of witness) [(was (using drugs)(addicted to drugs)(abusing alcohol) when the events took place) (was abusing (drugs)(alcohol) at the time of trial)]. There is nothing improper about calling such a witness to testify about events within (his)(her) personal knowledge.

On the other hand, (his)(her) testimony must be considered with care and caution. The testimony of a witness who (describe circumstances) may be less believable because of the effect the (drugs)(alcohol) may have on (his)(her) ability to perceive, remember, or relate the events in question.

After considering (his)(her) testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

**Minor Witness**

You have heard the testimony of minor(s). A minor may be permitted to testify even though he or she is very young. You must determine, as with any witness, whether you believe the minor's testimony and how much weight, if any, you think it deserves. Did he understand the questions? Did he accurately perceive the events? Does he have a good memory? Does he understand his duty to tell the truth?

It is up to you to decide whether the minor witness understood the seriousness of his appearance as a witness at this criminal trial. In addition, is up to you to decide whether minor witness understood the questions asked of him and was truthful.

**Opinion Evidence**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Dr. Veronique Valliere. Because of her knowledge, skill, experience, training, or education in the field of clinical and forensic psychology, Dr. Valliere was permitted to offer opinion in that field and the reasons for those opinions. The opinion this witness states should receive whatever weight you think appropriate, given all the other evidence in the case.

In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion entirely if you decide that Dr. Valliere's opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reason given in support of the opinion is not sound, or if you conclude that the opinion is not

supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Defendant's Testimony [IF APPLICABLE]**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, as he did in this case, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. Leroy testified. You should examine and evaluate testimony just as you would the testimony of any witness.

## IV. Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant, Mr. Leroy, pleaded not guilty to the offenses charged. Mr. Leroy is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Leroy unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Leroy is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Mr. Leroy not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Leroy has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Mr. Leroy is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Leroy guilty of the offenses charged, the government must convince you that he is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

## V. The Indictment

### Nature of Indictment

The defendant, Mr. Leroy is charged with two counts of travel with the intent to engage in illicit sexual conduct with another person and two counts

of transportation with the intent to engage in criminal sexual activity with a minor. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Leroy has been indicted in making your decision in this case.

**On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Venue**

The indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania. There is no requirement that all aspects of the offense charged took place here in the Western District of Pennsylvania. But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime

charged either the agreement, or one of the overt acts, took place here in the Western District of Pennsylvania. Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that, some act in furtherance of the crime charged or part of the conspiracy took place here. Remember that the government must prove all the elements I have described beyond a reasonable doubt.

## VI. Elements of the Offenses Charged

### Counts One and Three: Travel With Intent to Engage in Illicit Sexual Conduct

The defendant is charged in the indictment with two counts of committing the offense of travel with intent to engage in illicit sexual conduct, in violation of Title 18, United States Code, Section 2423(b).

At Count One, from on or about June 28, 2015, until on or about July 1, 2015, the defendant is charged with knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with Minor A and attempting to do so.

At Count Three, from on or about February 13, 2016, until on or about February 15, 2016, the defendant is charged with knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with Minor A and/or Minor B and attempting to do so.

The essential elements of travel with intent to engage in illicit sexual conduct, each of which the government must prove beyond a reasonable doubt, are:

First, that the defendant knowingly traveled in interstate commerce;

Second, that the defendant's purpose in traveling in interstate commerce was to engage in any illicit sexual conduct with a minor.

**"Illicit Sexual Conduct" Defined**

With respect to the charge contained in Counts One and Three of the indictment, "illicit sexual conduct," means a sexual act with an individual under 18 years of age, where the sexual act would have been in violation of federal criminal law, specifically Chapter 109A.

I instruct you that it is a violation of federal criminal law to knowingly engage in a sexual act, or to attempt to engage in such an act, with a minor who has not attained the age of 12 or a minor who has attained the age of 12

years but has not attained the age of 16 years, and who is four or more years younger than the defendant.

**"Minor" Defined**

A "minor" is any person under the age of 18 years.

**"Travel in Interstate Commerce" Defined**

The term "travels in interstate commerce" means simply travel or transportation from one state to another.

**"Sexual Act" Defined**

A "sexual act" is defined by Title 18, United States Code, Section 2246. A sexual act includes:

(a) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(b) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(c) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by an object with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(d) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

## Counts Two and Four – Transportation with Intent to Engage in Criminal Sexual Activity

The defendant is charged in the indictment with committing the offense of transportation of a minor with intent to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a).

The essential elements of transportation of a minor with intent to engage in criminal sexual activity, each of which the government must prove beyond a reasonable doubt, are:

First, that the defendant knowingly transported an individual from one state into another state, that is, in interstate commerce;

Second, that the defendant did this with the intent to engage in any sexual activity for which any person can be charged with a criminal offense;

Third, that the individual transported was under the age of 18 at the time.

At Count Two, from on or about June 28, 2015, until on or about July 1, 2015, the defendant is charged with knowingly transporting or attempting to transport Minor A from the State of Pennsylvania to the State of Florida, with intent that Minor A engage in sexual activity for which any person can be charged with a criminal offense. I now instruct you that it is a violation of Florida state law, statute section 800.04, to touch in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age.

At Count Four, from on or about February 13, 2016, until on or about February 15, 2016, the defendant is charged with knowingly transporting or attempting to transport Minor A and/or Minor B from the State of Pennsylvania to the State of Michigan, with intent that Minor A and/or Minor B engage in sexual activity for which any person can be charged with a criminal offense. I now instruct you that it is a violation of Michigan state law, statute section 750.520c, to engage in sexual contact with another person if that other person is under 13 years of age. Also, under statute section 750.520e, it is a violation of Michigan state law to engage in sexual contact with another person if that other person is at least 13 years of age but less

than 16 years of age, and the actor is 5 or more years older than that other person.

## **Attempted Travel With Intent to Engage in Illicit Sexual Conduct and Attempted Transportation With Intent to Engage in Criminal Sexual Activity**

All counts of the indictment also charge the defendant with attempt. Counts One and Three include the charge of attempt to travel in interstate commerce for the purpose of engaging in illicit sexual conduct and Counts Two and Four include the charge of the attempt to transport minors with the intent that the minors engage in sexual activity for which any person can be charged with a criminal offense. An attempt to commit these offenses is a federal crime even though the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to travel to engage in illicit sexual conduct or attempted transportation of minors to engage in criminal sexual activity, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crimes of travel to engage in illicit sexual conduct or transportation of minors to engage in criminal sexual activity; and

Second, that the defendant performed one or more acts constituting a substantial step toward the commission of the crimes which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt to travel to engage in illicit sexual conduct or attempted transportation of minors to engage in criminal sexual activity, you may not find the defendant guilty merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the state of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to travel to engage in illicit sexual conduct or attempted transportation of minors to engage in criminal sexual activity merely because he made some plans to or some preparation for committing the crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the crimes of attempt to travel to engage in illicit sexual conduct or attempted transportation of minors to engage in criminal sexual activity.

However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Purpose of Travel**

With respect to all counts in the indictment, it is not necessary for the government to prove that the illegal sexual activity was the sole purpose for traveling or for transporting a minor in interstate commerce. A person may have several different purposes or motives for such travel, and each may prompt in varying degrees the act of making the journey. The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the travel across state boundaries was to engage in illegal sexual activity. In other words, the illegal sexual activity must not have been merely incidental to the trip.

**Consent of Minor Irrelevant**

With regard to all counts of the indictment, whether or not the minor consented to traveling or being transported in interstate commerce, or otherwise voluntarily participated in an illegal sexual activity or illicit sexual conduct, is irrelevant, as the consent or voluntary participation of the minor is not a defense to these charges.

**Defendant's Uncharged Bad Acts or Crimes - Fed. R. Evid. 404(b)(IF APPLICABLE)**

You have heard testimony that the defendant engaged in obstructive conduct and paid sums of cash to two individuals in exchange for their production of a video of Minor A consuming illegal substances.

This evidence was admitted for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind or intent necessary to commit the crimes charged in the indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence, and if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that

because the defendant may have committed other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is only on trial for the charges in the indictment, not these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## VII. Proof of Required State of Mind – Intentionally and Knowingly

Often the state of mind (intent and knowledge) with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant, Mr. Leroy's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine Mr. Leroy's state of mind and what he intended or knew at a particular time, you may consider evidence about what Mr. Leroy said, what he did and failed to do, how Mr. Leroy acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Leroy's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to

prove, about Mr. Leroy's state of mind.

You may also consider the natural and probable results or consequences of any acts Mr. Leroy knowingly did, and whether it is reasonable to conclude that Mr. Leroy intended those results or consequences. You may find, but you are not required to find, that Mr. Leroy knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in Mr. Leroy's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Mr. Leroy did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

**Knowingly**

The offenses charged in the indictment require that the government prove that defendant acted "knowingly" with respect to certain elements of the offenses. This means that the government must prove beyond a reasonable doubt that defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether defendant acted "knowingly", you may consider evidence about what Mr. Leroy said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Leroy's mind at that time.

**Intentionally**

The offenses of charged in the indictment require that the government prove that Mr. Leroy acted "with intent" with respect to certain elements of the offenses. This means that the government must prove beyond a reasonable doubt either that (1) it was Mr. Leroy's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Mr. Leroy knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Mr. Leroy acted "with intent," you may consider evidence about what Mr. Leroy said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Leroy's mind at that time.

**VIII. Process of Jury Deliberation**

Your verdict must represent the considered judgment of each juror. In

order to return a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer

some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular

point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding. Don't interrupt and don't monopolize the discussion. Speak one at a time. Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A Verdict Form has been prepared for you, and you have reviewed a copy. You will take the original Verdict Form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations. If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will bring it to my attention. After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]