IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES MARK LEROY,

        Defendant.

Criminal No. 16-0243
ELECTRONICALLY FILED

**<u>Memorandum Order Denying Motions for New Trial, for Leave to file this Motion Out of Time, for Leave to Supplement, and for Continuance of Sentencing</u>**

## I. Introduction

On November 9, 2016, Defendant was charged in a four-count Indictment with two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and (e), and two counts of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. §§ 2423(a) and (e) relating to two Minors (Minors A and B).

Because Defendant insisted on a prompt trial, at the first status conference in this matter, the Court scheduled the trial for January 30, 2017. Doc. 27. The jury trial occurred on January 30, 2017, as scheduled, and on February 1, 2017, the jury returned a verdict of guilty on all counts. Doc. 118. The Court scheduled a sentencing hearing for June 5, 2017, doc. 120; however, upon Motion to Continue this matter (over the objection of the Government on the basis that the child victims had a right to seek closure of this matter on June 5, 2017) (see doc. 132 and doc. 134), the Court granted the Motion to Continue the Sentencing to July 11, 2017. Doc. 136.

The Court notes that the newly retained defense counsel entered his appearance on the

1

record on May 9, 2017.  Doc. 128.  Now, on June 30, 2017, approximately 5 business days before the rescheduled July 11, 2017 Sentencing, and a month and a half after new defense counsel entered his appearance, Defendant now seeks sweeping remedies in this case, including that the trial of this matter and the jury verdict of guilty be nullified, and that the Court consider his numerous allegations of trial counsel's ineffectiveness.  In light of the procedural posture of this case, and after considering the merits of the Motion(s), the Court will not countenance Defendant's requests.

In the opening lines of Defendant's multifaceted Motion, Defendant seeks the following pursuant to Fed.R.Crim.P. 33(a) and 45(b)(1)(B): (1) a new trial, (2) leave to file this motion out of time, (3) leave to supplement the instant motion with additional declarations within seven (7) days of filing excluding July 4, and (4) pending the Court's ruling on the motion for a new trial, a continuance in sentencing, which is currently scheduled for July 11, 2017.  Doc. 169.

The Court will DENY all of Defendant's Motions as untimely, without merit, and because most of the arguments raised by Defendant go to ineffectiveness of trial counsel, which have no place given the procedural posture of this case, and are otherwise without merit.

**II.    Discussion**

**<u>Motion for New Trial is Untimely</u>**

Federal Rule of Criminal Procedure 33(a) provides that upon Motion by Defendant, a court may vacate any judgment and grant a new trial if justice so requires; however, such a motion must be filed within 14 daysafter the verdict.[1]  Newly retained defense counsel attempts

---

[1] Defendant does not appear to argue that there is newly discovered evidence that would permit an out of time motion to be filed here under Rule 33, and in any event, the Court finds that no such evidence exists.  Instead, Defendant appears to claim that ineffectiveness of trial counsel and possible prosecutorial misconduct is the real reason for his seeking this extraordinary remedy.  Those types of claims, however, are typically resolved either on direct appeal or through a collateral proceeding, where the record has been properly developed.

2

to cast doubt on whether trial counsel should have filed such a motion, but does not go so far as to address whether Defendant himself asked his trial counsel to do so.

In any event, Defendant claims that his Motion should be granted under Federal Rule of Criminal Procedure 45(b)(1)(B) on the basis that the Court may grant on its own, or for good cause, upon a party's motion if the party failed to act because of "excusable neglect." In support, Defendant cites *United States v. Figueroa*, 2007 WL 2345283 *3 (E.D. Pa. 2007), for the proposition that the court may allow an out-of-time motion for a new trial based upon excusable neglect. However, unlike the present case, the *Figueroa* case involved an assertion that there was newly discovered evidence that compelled a new trial.

The Government counters, and this Court agrees, this Motion should be denied for the following procedural reasons: (1) Defendant filed his Motion for New Trial well outside of the 14-day time limit in Rule 33(b), and (2) Defendant cannot establish excusable neglect under Rule 45(b) because he waited until less than two weeks before his sentencing for the filing of such a motion.

Simply put, Defendant's Motion is most certainly untimely; and, to the extent Defendant seeks that the untimeliness of his filing is due to "excusable neglect," the Court sees no reason to exercise its equitable powers to permit such an out of time filing. A brief review of Defendant's cited reasons for a new trial reveals that it is based almost exclusively on claims of ineffectiveness which are not appropriate for consideration at this procedural juncture, and in any event, even accepted as true, do not come close to evidencing ineffectiveness that likely would have changed the outcome of the trial.

Looking to Defendant's cited case law for guidance, this Court reiterates the following from *United States v. Figueroa*:

> Rule 45(b), in pertinent part, provides:
> (1) *In General.* When an act must be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made ... (B) after the time expires if the party failed to act because of excusable neglect.
> (2) *Exception.* The court may not extend the time to take any action under Rule 35, except as stated in that rule.
> Fed.R.Crim.P. 45(b).
>
> The determination of whether excusable neglect exists "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). As such, in making this determination, the court must consider four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for that delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer,* 507 U.S. at 395; *see also Stutson v. United States,* 516 U.S. 193, 196, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) (suggesting the *Pioneer* factors apply in the criminal context); *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assoc., L.P.,* 121 F. App'x 971, 974-76 (3d Cir.2005) (not precedential) (discussing "excusable neglect" in the context of Fed.R.Civ.P. 60(b)(1)).

*Id.*

Defendant's Motion sweeps the first three of the four *Pioneer* factors under the rug, and only states that his Motion is being filed in "good faith," because it only "recently became clear" that a "potential significant ineffective assistance" claim and "possible prosecutorial misconduct" claim exist.[2]

The Court finds that, even accepting that Defendant has acted in good faith as true (which the Government obviously disputes given the delayed timing of the motion on the eve of sentencing many weeks after new counsel entered his appearance), there

---

[2] In Defendant's most recent (second) reply to the Motion for New Trial (doc. 181), which he did not seek leave to file (see Practices and Procedures of this Court at II(B)), new counsel attempts to demonstrate that his delay in filing should be construed as excusable neglect. However, in the two months since new defense counsel's retention, he gave no indication to the Court either in the form of a motion to extend or any other notice that he was reviewing the case to determine whether to potentially file any such motion.

exists a significant danger of prejudice to the Government and to the child victims in this case, who are minor children the jury unanimously found were sexually exploited by Defendant based upon their credible and remarkably consistent testimony. These minor victims have a vital and statutorily protected interest in the timely conclusion of this criminal proceeding, as the minor victims therapeutic needs assessment establish severe, negative repercussions that may go un-remedied if the Court were to grant Defendant's untimely Motion. See 18 U.S.C. § 3771 (crime victims have a right to proceedings free from unreasonable delay). The first of the *Pioneer* factors weighs in favor of the Government and against Defendant.[3]

Regarding the second and third factors in determining whether excusable neglect justifies an out of time filing, the Court must look to the length of the delay, and the reasons for the delay. Those factors also weigh in favor of the Government because Defendant, through his newly retained counsel, waited over 50 days to file said Motion(s), and Defendant's reasons for the delay are not sufficient to establish excusable neglect.

Therefore, for these reasons, the Court denies the Motion for New Trial as untimely based upon lack of excusable neglect.

**Motion for New Trial – Denial on Merits**

As to Defendant's substantive arguments for a new trial related to alleged ineffectiveness of trial counsel, this Court recognizes that the United States Court of Appeals for the Third Circuit has expressed an unmistakable preference that ineffective

---

[3] While Defendant now offers to pay for their treatment pending a new trial (doc. 181), and contends that the victims interests as well as the Defendant would be best served by granting the Motion for New Trial now, this Court strongly disagrees. The fact remains that Defendant was convicted on all counts of the Indictment, and the sentencing shall proceed in this matter as both the victims and the Government have a right to seek closure of this matter.

5

assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, not as a Rule 33 motion for new trial or on direct appeal. *See United States v. Kennedy*, 354 F. App'x 632, 637 (3d Cir. 2009); *United States v Garcia*, 516 F.App'x 149, 151-52 (3d Cir. 2013). In fact, the Court of Appeals in *Kennedy* specifically stated that: "rarely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial or on direct appeal." *Id.* This Court, therefore, will not pass on the question of whether trial counsel was ineffective, without the opportunity for Defendant to fully develop the record thereon during collateral proceedings.

However, the Court offers the following, after having observed the totality of the evidence, and having observed the demeanor of the witnesses and their testimony. On the current record, this Court sees no ineffectiveness with regard to trial counsel's handling of Dr. Valliere's testimony. Defense counsel attempted to exclude such testimony, and to limit her testimony through cross-examination. The Court denied such request at doc. 66. The following is an excerpt from the Order at doc. 66.

> The Defendant's Motion in Limine to Exclude Expert Testimony of Dr. Veronique Nicole Valliere (docket no. 45) under *Daubert* and Federal Rule of Evidence 702 is DENIED. "An expert witness may be permitted to testify regarding 'scientific, technical, or other specialized knowledge' if it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Walker*, 657 F.3d 160, 175 (3d Cir. 2011); *United States v. Mornan,* 413 F.3d 372, 380 (3d Cir. 2005) (quoting Fed. R. Evid. 702).
> 
> It is well accepted that "*Daubert*'s tests for the admissibility of expert scientific testimony do not require exclusion of expert testimony that involves specialized knowledge rather than scientific theory." *United States v. Bighead*, 128 F.3d at 1329, 1330. In its response, the Government has set forth a plethora of case law from both within and outside of this Circuit, supporting the use of an expert in cases such as this: to inform the jury's determination of characteristics of sexually abused children, including dynamics of long-term sexual abuse, psychological traits of abuse victims and delayed disclosure; *United States v. Johns*, 15 F.3d 740, 743 (8th Cir. 1993); and to establish grooming techniques of child abusers and explanations of the modus operandi of sexual predators. See, e.g. *United States v. Maurizio*, 2015 WL 5228031 at *7 (W.D. Pa. 2015)(finding that expert was

6

> qualified to offer opinion regarding child sexual abuse issues regarding victims and perpetrators); *United States v. Hayward*, 359 F.3d 631, 636-37 (3d Cir. 2004)(upholding admission of expert opinion regarding groom techniques of child molesters); *United States v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006). The Court finds that the testimony of Dr. Valliere will assist the jury because many jurors are at a disadvantage when dealing with sexual abuse of children. *United States v. St. Pierre*, 812 F.2d 417, 4190420 (8th Cir. 1987). Dr. Valliere's proposed testimony is permissible under Rule 702, and the Court can see nothing in her proposed testimony that would be unduly prejudicial to Defendant and the probative value outweighs the prejudicial effect under Rule 403.

Doc. 66. at 3-4.

The Court declines to follow any of Defendant's myriad arguments related to the ineffectiveness of trial counsel regarding Dr. Valliere: that trial counsel was ineffective for failing to make a renewed motion to strike after Dr. Valliere gave 'vague and inconsistent' trial testimony; that Dr. Valliere's testimony was "misleading" because it was "almost entirely case-specific" Doc. 169 at 4-6; that Dr. Valliere's testimony was the "lynchpin," of the case; and that trial counsel was ineffective in failing to investigate Dr. Valliere's credentials.[4]

Also, Defendant makes much of the fact that trial counsel was allegedly ineffective for failing to call defense expert, Dr. Zakireh at the trial of this matter, based upon scheduling conflicts, who, Defendant contends could have properly helped him to impeach or exclude the testimony of Dr. Valliere.

The Court does not find that counsel was ineffective in that the result of the trial would even possibly, let alone a reasonable probability, have been different here, had the testimony of Dr. Valliere been discounted, refuted, or eliminated. *Strickland v. Washington*, 466 U.S. 668 (1984)(In order to show prejudice, Defendant must show that

---

[4] Defendant then makes a related threatened prosecutorial misconduct claim that Dr. Valliere falsified her credentials, and that "it may be that the government should have known by exercising due diligence that Dr. Valliere was going to perjure herself about her credentials." Defendant contends that "American College of Forensic Examiners Institute" which is listed on Dr. Valliere's c.v. is "a mill designed to churn out and sell as many certificates as possible." Doc. 169.

7

there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different).  In the view of this Court, Dr. Valliere's testimony was not, as Defendant claims, the lynchpin of the case.  Rather, if there was a lynchpin, it was the remarkably consistent testimony of Minors A and B, and the attendant documentary evidence that supported their accounts.

Defendant next contends that counsel was ineffective in failing to investigate or call exculpatory witnesses who could have testified that that he mentored other children of the community, including troubled youth, without inappropriate behavior.  A defendant charged with sexual offenses is not permitted to offer character evidence that he treated other children well or had been entrusted to care for other children.  *Gov't of V.I. v. Suarez*, 242 F.App'x 845, 849-50 (3d Cir. 2007)(evidence that defendant had cared for defendant's sister's children in the past without incident was properly prevented).  Simply put, on this record, trial counsel was not and could not have been ineffective for not proffering inadmissible evidence.

For all of these reasons, Defendant's Motion for New Trial (doc. 169) is additionally DENIED as without merit.

**Motion for Leave to File this Motion Out of Time/Motion for Leave to Supplement/Motion to Continue the Sentencing Hearing**

In light of the above rulings of the Court, Defendant's Motion for Leave to File this Motion Out of Time is DENIED AS MOOT; Defendant's Motion for Leave to Supplement is also DENIED AS MOOT (incidentally, the Court notes that Defendant continues to file supplements/replies/and declarations on the record without the required leave of Court).  Finally, Defendant's Motion to Continue the Sentencing Hearing is DENIED AS MOOT.

The Sentencing Hearing shall occur as scheduled on July 11, 2017, at 9:30 a.m.

**SO ORDERED** this 10th day of July, 2017.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All ecf-registered counsel of record