IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES MARK LEROY,

    Defendant.

Criminal No. 16-0243
Civil Action 21-431
ELECTRONICALLY
FILED

## MEMORANDUM ORDER RE DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE, AND COUNSELED SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) (doc. 278 and doc. 280)

Pending before the Court is Defendant's *Pro Se* Motion to Reduce Sentence and his Counseled Supplemental Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 ("Defendant's Compassionate Release Motions"), (Doc. No. 278 and Doc. No. 280), the Government's Response in Opposition (Doc. No. 286) and Defendant's Reply thereto (Doc. No. 292). For the following reasons, Defendant's Compassionate Release Motions will be DENIED.

    I.    *Background*

On November 9, 2016, Defendant was charged by the Grand Jury in a four-count Indictment with two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and (e), and two counts of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) and (e) relating to two Minor Victims (Minors A and B – MK and MD). The three-day jury trial occurred on January 30 and 31, 2017, as requested by Defendant, and on February 1, 2017, the jury returned a verdict of guilty on all

counts.  Doc. No. 118.   Charges at Counts One and Two are related to Defendant's travel with Minor A (MK) to Florida, from on or about June 28, 2015, to July 1, 2015, and charges at Counts Three and Four are related to his transportation of Minors A (MK) and B (MD) to Michigan, from on or about February 13, 2016, to February 15, 2016.  Doc. No. 54 at 1.

On July 11, 2017, following the extensive and contested sentencing proceedings, including the issuance of detailed Tentative Findings and Rulings, this Court sentenced Defendant to concurrent terms of imprisonment of 360 months, lifetime supervised release, a fine in the amount of $125,000, JVTA Assessment in the amount of $20,000.00, and restitution for a total amount of $25,000.00 (restitution to the Minor Child Victims in the amount of $15,000.00 to MK and $10,000.00 to MD).  Doc. No. 171, Doc. No. 184, and Doc. No. 192.  Defendant perfected an appeal through sentencing/appellate counsel, but the Court of Appeals for the Third Circuit affirmed his conviction on September 6, 2019, by a non-precedential Opinion filed on the docket on October 8, 2019.  Doc. No. 211-1.  Defendant did not petition the United States Supreme Court, rendering his conviction final on December 5, 2019.  The Court subsequently wrote at length on Defendant's Motion(s) to Vacate Sentence and denied said Motion(s) on April 27, 2023.  Doc. No. 272.  The Order on the Motion to Vacate was affirmed by the United States Court of Appeals for the Third Circuit and Defendant's Request for Certificate of Appealability was denied by Order of September 26, 2023.  Doc. No. 277.

On January 9, 2024, Defendant filed his *Pro Se* Motion for Reduction of Sentence/Compassionate Release (Doc. No. 278), and this Court appointed counsel to review it and determine whether a counseled motion would be filed.  On February 11, 2024, his Counseled Motion was filed by his current able counsel (Doc. No. 280).  The Government then filed a Response in Opposition (Doc. No. 286), and Defendant filed a Reply on April 5, 2024 (Doc. No.

292).  Defendant is currently housed at the Bureau of Prisons' ("BOP") Federal Medical Center at Butner, North Carolina, an administrative security federal medical center, after having been transferred there based upon his medical conditions. See https://www.bop.gov/inmateloc/ (last visited April 22, 2024).  After accounting for "good conduct time" and applying credit granted pursuant to the First Step Act ("FSA Credits"), Defendant's projected release date is June 9, 2041.  See Gov. Exhibit A at 2.  If granted early release for being an "elderly offender," Defendant's "two-thirds" release date would be November 16, 2036.  Id.  To date, Defendant has served only approximately one-quarter of his term of imprisonment.

II. *Standard of Review*

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."  *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (stating, "[a] federal court generally may not modify a term of imprisonment once it has been imposed.").  One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

3

      (i)      extraordinary and compelling reasons warrant such a reduction; . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

As explained by the United States Court of Appeals for the Third Circuit in *United States v. Badini*, 839 Fed. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
> . . .
>
> (ii) The defendant is
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1.  The Court of Appeals for the Third Circuit previously held that: "The policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (quoting *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

Effective November 1, 2023, the United States Sentencing Commission amended Section 1B1.13 (Amendment 814) by adding to the policy statement in Section 1B1.13 by moving four circumstances that could constitute extraordinary and compelling reasons for reduction of sentence from the commentary to the policy statement, and by expanding the list of such circumstances.  The relevant amended policy statement is as follows:

> "1B1.13 Reduction in Term of Imprisonment under 18 U.S.C. Section 3582(c)(1)(A).
>
> (a)  IN GENERAL . – Upon motion of the Director of the Bureau of Prison or the defendant pursuant to 18 U.S.C. Section  3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. Section 3553(a), to the extent that they are applicable, the court determines that-
>
> (1)(A) extraordinary and compelling reasons warrant the reduction; or
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provide in 18 U.S.C. Section 3142(g); and

(3) the reduction is consistent with this policy statement.

(b) EXTRAORDINARY AND COMPELLING REASONS. – Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(**1) Medical Circumstances of the Defendant. –**

**(A) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.**

(B)  The defendant is –

    (i)    suffering from a serious physical or medical condition,

    (ii)   suffering from a serious functional or cognitive impairment, or

    (iii)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided or without which the defendant is at risk of serious deterioration in health or death."

U.S.S.G. Section 1B1.13.  (Emphasis added).

In Defendant's Supplemental Motion, he quotes at length and the Court relies upon the recent case of *United States v. Higinio-Castillo*, 2024 WL 453608, *2-3 (E.D. Pa. February 6, 2024), which accurately summaries the current state of the law in this Circuit with regard to Amendment 814:

> As amended by the First Step Act of 2018, 18 U.S.C. Section 3582(c)(1)(A) authorizes defendants to file a motion for compassionate relief after exhausting the Bureau of Prisons' administrative processes. A court may grant a motion for a sentence reduction if the court determines that (1) 'extraordinary and compelling reasons' warrant the reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is supported by the traditional sentencing factors under 18 U.S.C. Section 3553(a), to the extent they are applicable.
>
> One year after Congress passed the First Step Act, however, the U.S. Sentencing lost its quorum to amend the compassionate release policy statement (USSG Section 1B1.13) to reflect the First Step Act's provision that a defendant was not authorized to file their own motion for compassionate release. Courts, including the Third Circuit, thus held that the Commission's policy statement regarding defendant-filed motions for sentencing reduction under compassionate release was advisory, not binding.
>
> This changed in April 2023, when the Sentencing Commission promulgated new amendments to the Sentencing Guidelines. Amendment 814 to the Sentencing Guidelines now revises U.S.S.G. Section 1B1.13 and makes the Commission's compassionate release policy binding. Under Amendment 814, effective November 1, 2023, a defendant is now authorized to file a motion under 18 U.S.C. Section 3582(c)(1)(A). Amendment 814 also expands and modifies the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. Section 3582(c)(1)(A), as follows: (1) additional 'Medical Circumstances' subcategories; (2) modified Family Circumstances category; (3) new 'Victim of Abuse' category; (4) modified 'Other Reasons' category; and (5) new 'Unusually Long Sentence' category. U.S.S.G. Section 1B1.13(b)(Nov. 1, 2023). *Hignicio-Castillo*, *supra*.

The Amendments to Section 1B1.13 render the policy statement applicable to the instant Motions filed by Defendant. They retain the above definition of extraordinary and compelling

reasons based on the medical circumstances of a defendant (*see* U.S.S.G. § 1B1.13(b)(1)(A) & (B)) and add the following additional medical circumstances.

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.
>
> U.S.S.G. § 1B1.13(b)(1)(C) & (D).

It is the defendant who bears the burden of proof, by a preponderance of the evidence, with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *United States v. Grasha*, Crim. No. 18-325, 2020 WL 5647829, at *2 (W.D. Pa. Sept. 24, 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court. As explained by the Court of Appeals for the Third Circuit in *United States v. Harris,* 812 Fed. App'x. 106 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request." *Harris,* 812 Fed. App'x. at 107.

### III.     Discussion

Defendant is currently 61 years old, having commenced chemotherapy for Stage 4 bladder cancer in January of 2023 (after diagnosis in 2022), and was transferred to the Federal Medical Center (FMC) Butner in February of 2023, for ongoing medical and oncology services. Defendant contends that his illness is terminal, thus constitutes an extraordinary and compelling reason to warrant a sentence reduction and further contends that the Section 3553(a) factors support a sentence reduction to time-served with immediate release on lifetime supervision. Doc. No. 280 at 8.  Defendant states that his illness is serious, and in his *Pro Se* motion, Defendant alleges that he has received inadequate care from the BOP.  This contention is not directly advanced in his counseled Motion and the United States did not address it in its response.in opposition.

The Court has received and reviewed copious medical records that evidence Defendant's post-sentencing diagnosis of bladder cancer (in October of 2022), which has now advanced to Stage 4 metastatic bladder cancer, and he suffers from other complicating medical conditions. Defendant seeks a sentence reduction to time served and lifetime supervision on the basis of his terminal medical condition and other health deteriorating medical conditions and his post sentencing rehabilitative efforts. The amended provisions of U.S.S.G. § 1B1.13 apply to Defendant's Motion.

### A.     *Defendant Has Sufficiently Exhausted His Administrative Remedies*

In support of his Compassionate Release Motion, Defendant has attached an inmate request dated March 8, 2023, indicating that he sought a Reduction in Sentence due to a terminal medical condition.  Doc. No. 280-1.  This form is marked with a "received" stamp by BOP staff with the date of March 14, 2023.  Id.  As of March 20, 2024, Defendant's Motion was denied,

despite a finding that he had met the criteria for a Reduction in Sentence under Section 3(a). Doc. No. 291-1. The BOP stated that "given the nature and circumstances of his offense and his criminal history, his release at this time would minimize the severity of his offense and pose a danger to the community." Doc. No. 291-1. As Defendant points out, and this Court agrees, Defendant does not have criminal history, but the Court is aware from the trial of this matter that Defendant's history of conduct also included conduct with Victims 1 and 2, one of which testified to inappropriate but uncharged sexual misconduct when they were minors. Doc. No. 292. Nonetheless, this is merely background information and the Court does not rely upon the rulings of the BOP in informing its analysis.

    B. *Merits Analysis of Defendant's Compassionate Release Motions*

        1. *Defendant has established an extraordinary and compelling reason under Section 3582(c)(1)(A).*

Defendant presents a dire picture of his medical state, and his poor prognosis, at pages 8-13 of his Supplemental Motion, and in his Reply. Doc. No. 280 and Doc. No. 292. The Court recognizes that Defendant's medical records adequately support his position. The records demonstrate Defendant's overall deteriorating health due to his spreading cancer. Specifically, the medical records confirm that Defendant has Stage 4 metastatic cancer of the bladder; chronic abdominal pain related to this malignancy; chronic kidney disease Stage III, recurrent urinary tract infections/sepsis, hematuria, and orthostatic hypotension, diabetes, sleep apnea, and hyperlipidemia. Medical records reflect that he has lost between 30 and 40 pounds during the past year, an additional 18 pounds in the last six months, and a nephrostomy tube has been inserted to enable urine drain. Medical records establish that his bladder cancer has now spread to his lungs and to areas beneath his bladder, and the copious prescription medications (including potent pain medicines) he takes is further supportive of the serious and terminal nature of his condition. His

medical team members have advised him that his medical condition will worsen. Defendant further contends, without support, that when health issues arise, he is not always seen within a reasonable time, and that he has had to wait weeks in order to get treatment. The medical records do not provide specific support for that conclusion and instead, evidence that Defendant has been treated appropriately with chemotherapy, radiation and immunotherapies, and at community and well-regarded hospitals, including at Duke Regional Hospital and Garnet Medical Center, while he has been housed at Butner. The records do, however, evidence that BOP officials and social workers recognize that Defendant's condition is terminal. Defendant has shown that his prognosis has been rated as "poor," and that he suffers from a serious and advanced illness with an end-of-life trajectory under Section 1B1.13(b)(1)(A). Like the BOP, who recently denied his request for release, this Court recognizes that: "it is expected that as his disease process continues to progress, he will likely require assistance with managing his daily needs. According to the oncologist, given Mr. Leroy's advanced disease process and evidence of extensive metastasis, his prognosis is poor with a life expectancy that is likely to be significantly less than 18 months." Doc. No.291-1.

       This Court finds that the terminal nature of his medical condition constitutes an extraordinary and compelling reason for release under the amended Guideline. That said, Defendant continues to receive palliative chemotherapy, radiation and immunotherapy treatment for his cancer and other medical issues; is transferred to an appropriate hospital when necessary for treatment; and continues to engage in daily life activities and self-care, although, unfortunately, he does appear to be further limited in this regard over the last several months (according to his affidavit and letters from other inmates/cellmates). Doc. No. 292-1 through

292-8. The Court is bound to also consider the relevant Section 3553(a) factors to determine whether release is appropriate.

> 2. *A sentence reduction in this case would not be consistent with the applicable factors set forth in 18 U.S.C. Section 3553(a)*

Upon careful consideration of the Section 3553(a) factors, the Court does not find that release would be appropriate at this time. Most significantly, upon review of the applicable Section 3553(a) factors, the Court finds that granting Defendant's request for a sentence reduction pursuant to Section 3582(c)(1)(A) is not appropriate due to: (1) the nature and circumstances of Defendant's offenses; (2) Defendant's history of prior uncharged criminal behavior (which includes trial testimony of prior abusive conduct committed by Defendant against trial witnesses - Victims 1 and 2, who are now adults); (3) the need to protect the public from further crimes of Defendant; and (4) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C.§ 3553(a).

The disturbing nature and circumstances of the offenses and history and characteristics of Defendant are the primary reasons for this Court's decision to deny his Motions. This Court's analysis is centered upon the very serious nature and circumstances of Defendant's offenses, which involved sustained and habitual sexual misconduct and abuse of minors over state lines. Defendant used travel, money, drugs, alcohol, and gifts in order to perpetrate his criminal conduct upon the victims, who came from troubled family situations.

Furthermore, Defendant's release at this time would minimize the severity of his offense, could pose a danger to the community, and would result in an unwarranted sentencing disparity. The Court entered a no-contact order banning Defendant, his family, his private investigator

and/or his attorney from contacting the victims and their families based upon troubling and aggressive pre-trial and post-trial tactics. Additionally, Defendant has served only one-quarter of his 360-month term of imprisonment. *See United States v. Freed*, 845 F. App'x 198 (3d Cir. 2021) (not precedential) (district court did not abuse its discretion in denying release; assuming the defendant presented extraordinary circumstances based on health, he had served only 8 years of a 20-year sentence for child exploitation offenses that involved causing the defendant's stepdaughter's friends to send him sexually explicit pictures).

To grant Defendant's Motions at this time would not reflect the seriousness of the offenses, promote respect for the law and provide just punishment for the offenses in this case. The lengthy duration of Defendant's sexual offending, and the fact that he evaded any prior legal consequence, outweighs any consideration of his lack of criminal convictions and his purported low risk of recidivism (based upon his scores and his health). Finally, while Defendant's post-sentencing rehabilitation efforts (including numerous religious programs that he successfully completed) are commendable, the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," counsels against Defendant's release at this time. 18 U.S.C.§ 3553(a). The Court, however, notes that Defendant seeks mental health treatment while imprisoned. The Court hereby recommends that the BOP reconsider his eligibility for placement into any such programming within its discretion.

*IV.    Conclusion*

For all of the above stated reasons, Defendant's Pro Se Motion and Supplemental Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) are DENIED.  Doc. No. 278 and Doc. No. 280.

SO ORDERED this 26th day of April, 2024.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    All ECF Registered Counsel of Record