IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES MARK LEROY,

Defendant.

Criminal No. 16-0243
ELECTRONICALLY
FILED

## MEMORANDUM ORDER DENYING DEFENDANT'S SECOND *PRO SE* MOTION TO REDUCE SENTENCE AND FOR APPOINTMENT OF COUNSEL, *PRO SE* EMERGENCY LETTER MOTION FOR JUDICIAL NOTICE/COMPASSIONATE RELEASE, AND COUNSELED SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) AND SECTION 1B1.13 OF THE UNITED STATES SENTENCING GUIDELINES (Doc. 300, Doc. 304 and Doc. 307)

Pending before the Court is Defendant's Second *Pro Se* Motion to Reduce Sentence/for Appointment of Counsel, *Pro Se* Emergency Letter Motion for Judicial Notice of Defendant's Deteriorating Medical Condition and for Compassionate Release to Die at Home, and his Second Counseled Supplemental Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines ("Defendant's Compassionate Release Motions"), (Doc. 300, Doc. 304, and Doc. 307), the Government's Response in Opposition (Doc. 311), and Defendant's Exhibits in support thereof containing copious medical records (Doc. 314). For the following reasons, and for the same reasons this Court previously denied Defendant's First Round of Motions to Reduce Sentence just over 9 months ago, which

this Court hereby incorporates by reference, Defendant's Second Round of Compassionate Release Motions will be DENIED.[1]

I.    *Background*

On November 9, 2016, Defendant was charged by the Grand Jury in a four-count Indictment with two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b) and (e), and two counts of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) and (e) relating to two Minor Victims (Minors A and B – MK and MD). The three-day jury trial occurred on January 30 and 31, 2017, as requested by Defendant, and on February 1, 2017, the jury returned a verdict of guilty on all counts.  Doc. 118.   Charges at Counts One and Two are related to Defendant's travel with Minor A (MK) to Florida, from on or about June 28, 2015, to July 1, 2015, and charges at Counts Three and Four are related to his transportation of Minors A (MK) and B (MD) to Michigan, from on or about February 13, 2016, to February 15, 2016.  Doc. 54 at 1.

On July 11, 2017, following the extensive and contested sentencing proceedings, including the issuance of detailed Tentative Findings and Rulings, this Court sentenced Defendant to concurrent terms of imprisonment of 360 months, lifetime supervised release, a fine in the amount of $125,000.00, JVTA Assessment in the amount of $20,000.00, and restitution for a total amount of $25,000.00 (restitution to the Minor Child Victims in the amount of $15,000.00 to MK and $10,000.00 to MD).  Doc. 171, Doc. 184, and Doc. 192.  Defendant perfected an appeal through sentencing/appellate counsel, and the Court of Appeals for the Third Circuit affirmed his conviction on September 6, 2019, by a non-precedential Opinion filed on the docket on October 8, 2019.  Doc. 211-1.  Defendant did not petition the United States Supreme

---

[1] The Court repeats significant portions of its prior Memorandum Order issued on April 26, 2024, including the Background, Standard of Review and Discussion.

Court, rendering his conviction final on December 5, 2019. The Court denied Defendant's Motion(s) to Vacate Sentence on April 27, 2023. Doc. 272. The Order on the Motion to Vacate was affirmed by the United States Court of Appeals for the Third Circuit and Defendant's Request for Certificate of Appealability was denied by Order of September 26, 2023. Doc. 277.

On January 9, 2024, Defendant filed his First *Pro Se* Motion for Reduction of Sentence/Compassionate Release (Doc. 278), and this Court appointed counsel to review it and determine whether a counseled motion would be filed. On February 11, 2024, his Counseled Motion was filed by his fourth able counsel (Doc. 280). The Government then filed a Response in Opposition (Doc. 286), and Defendant filed a Reply on April 5, 2024 (Doc. 292). By Memorandum Order of April 26, 2024, this Court thoroughly reviewed and denied Defendant's Motions. Doc. 296.

The following portion of the April 26, 2024, Memorandum Order denying Defendant's Motions is quoted at length:

> Defendant is currently housed at the Bureau of Prisons' ("BOP") Federal Medical Center at Butner, North Carolina, an administrative security federal medical center, after having been transferred there based upon his medical conditions. See https://www.bop.gov/inmateloc/ (last visited April 22, 2024). After accounting for "good conduct time" and applying credit granted pursuant to the First Step Act ("FSA Credits"), Defendant's projected release date is June 9, 2041. See Gov. Exhibit A at 2. If granted early release for being an "elderly offender," Defendant's "two-thirds" release date would be November 16, 2036. Id. To date, Defendant has served only approximately one-quarter of his term of imprisonment.

> This Court finds that the terminal nature of his medical condition constitutes an extraordinary and compelling reason for release under the amended Guideline. That said, Defendant continues to receive palliative chemotherapy, radiation and immunotherapy treatment for his cancer and other medical issues; is transferred to an appropriate hospital when necessary for treatment; and continues to engage in daily life activities and self-care, although, unfortunately, he does appear to be further limited in this regard over the last

3

several months (according to his affidavit and letters from other inmates/cellmates). Doc. No. 292-1 through 292-8. The Court is bound to also consider the relevant Section 3553(a) factors to determine whether release is appropriate.

*    *    *

Upon careful consideration of the Section 3553(a) factors, the Court does not find that release would be appropriate at this time. Most significantly, upon review of the applicable Section 3553(a) factors, the Court finds that granting Defendant's request for a sentence reduction pursuant to Section 3582(c)(1)(A) is not appropriate due to: (1) the nature and circumstances of Defendant's offenses; (2) Defendant's history of prior uncharged criminal behavior (which includes trial testimony of prior abusive conduct committed by Defendant against trial witnesses - Victims 1 and 2, who are now adults); (3) the need to protect the public from further crimes of Defendant; and (4) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C.§ 3553(a).

The disturbing nature and circumstances of the offenses and history and characteristics of Defendant are the primary reasons for this Court's decision to deny his Motions. This Court's analysis is centered upon the very serious nature and circumstances of Defendant's offenses, which involved sustained and habitual sexual misconduct and abuse of minors over state lines. Defendant used travel, money, drugs, alcohol, and gifts in order to perpetrate his criminal conduct upon the victims, who came from troubled family situations.

Furthermore, Defendant's release at this time would minimize the severity of his offense, could pose a danger to the community, and would result in an unwarranted sentencing disparity. The Court entered a no-contact order banning Defendant, his family, his private investigator and/or his attorney from contacting the victims and their families based upon troubling and aggressive pre-trial and post-trial tactics. Additionally, Defendant has served only one-quarter of his 360-month term of imprisonment. *See United States v. Freed*, 845 F. App'x 198 (3d Cir. 2021) (not precedential) (district court did not abuse its discretion in denying release; assuming the defendant presented extraordinary circumstances based on health, he had served only 8 years of a 20-year sentence for child exploitation offenses that involved causing the defendant's stepdaughter's friends to send him sexually explicit pictures).

To grant Defendant's Motions at this time would not reflect the seriousness of the offenses, promote respect for the law and provide just punishment for the offenses in this case. The lengthy duration of Defendant's

4

sexual offending, and the fact that he evaded any prior legal consequence, outweighs any consideration of his lack of criminal convictions and his purported low risk of recidivism (based upon his scores and his health). Finally, while Defendant's post-sentencing rehabilitation efforts (including numerous religious programs that he successfully completed) are commendable, the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," counsels against Defendant's release at this time. 18 U.S.C.§ 3553(a). The Court, however, notes that Defendant seeks mental health treatment while imprisoned. The Court hereby recommends that the BOP reconsider his eligibility for placement into any such programming within its discretion.

Doc. 296.

Following the denial of Defendant's First Round of Motions for Compassionate Release, Defendant filed his Notice of Appeal through his prior counsel on May 1, 2024 (Doc. 297), and on August 6, 2024, the United States Court of Appeals for the Third Circuit granted the Government's Motion for Summary Action, thereby affirming his Doc. 299.

Less than two months later, on October 1, 2024, Defendant filed the Instant *Pro Se* Motion to Reduce Sentence, and after forwarding this Motion to the Federal Public Defender's Office for review, this Court appointed new counsel, his fifth counsel of record, Robert Mielnicki, on November 18, 2024. Doc. 300 and Doc. 303. Defendant also filed a new Administrative Motion for Compassionate Release before the Warden/BOP on November 17, 2024, and his request was denied on November 18, 2024, on the basis of his prior filing in March of 2024.

Then, on December 12, 2024, this Court received a *Pro Se* Emergency Motion from Defendant seeking that this Court take judicial notice of his deterioration, that his request for relief be expedited even with the prior appointment of counsel, and that he be permitted to be discharged to hospice care in his home. Doc. 304. On December 17, 2024, the Court ordered the

parties to meet and confer on Defendant's underlying request and to file a joint status report thereon by December 20, 2024.  Doc. 305.

One day later, the parties filed their joint status report outlining their disagreement over Defendant's requested relief.  The Government maintains that it is strenuously opposed to Defendant's release, and Defendant's counsel explains that he would be reviewing the record in this matter to determine whether a supplemental counseled Motion would be filed by December 27, 2024.  Doc. 306.  Then, on December 23, 2024, Defendant's counsel filed a thorough Motion to Reduce Sentence with Exhibits in Support thereof, including his attempted exhaustion of Administrative Remedies (Doc. 307-3), and a home care plan by Defendant's wife.  Doc. 307-4.

## II.    Standard of Review

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."  *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (stating, "[a] federal court generally may not modify a term of imprisonment once it has been imposed.").  One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582, which provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i)      extraordinary and compelling reasons warrant such a reduction; . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

As explained by the United States Court of Appeals for the Third Circuit in *United States*

*v. Badini*, 839 Fed. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for

sentence reduction under Section 3582, the United States Sentencing Commission has defined

the contours of the test, in relevant part, as follows:

> 1.  Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

> (A) Medical Condition of the Defendant.

> . . .

> (ii) The defendant is
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1.  The Court of Appeals for the Third Circuit previously held that:

"The policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'."  *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (quoting *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

Effective November 1, 2023, the United States Sentencing Commission amended Section 1B1.13 of the Sentencing Guidelines (Amendment 814), by adding to the Policy Statement in Section 1B1.13, by moving four circumstances that could constitute extraordinary and compelling reasons for reduction of sentence from the commentary to the Policy Statement, and by expanding the list of such circumstances.  The relevant amended Policy Statement is as follows:

"1B1.13 Reduction in Term of Imprisonment under 18 U.S.C. Section 3582(c)(1)(A).

(a)  IN GENERAL . – Upon motion of the Director of the Bureau of Prison or the defendant pursuant to 18 U.S.C. Section  3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. Section 3553(a), to the extent that they are applicable, the court determines that-

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(2) the defendant is not a danger to the safety of any other person or to the community, as provide in 18 U.S.C. Section 3142(g); and

(3) the reduction is consistent with this policy statement.

(b) EXTRAORDINARY AND COMPELLING REASONS. – Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(**1**) **Medical Circumstances of the Defendant. –**

(**A**) **The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.**

(B)  The defendant is –

    (i)       suffering from a serious physical or medical condition,

    (ii)      suffering from a serious functional or cognitive impairment, or

    (iii)     experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)  The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided or without which the defendant is at risk of serious deterioration in health or death."

9

U.S.S.G. Section 1B1.13.  (emphasis added).

*United States v. Higinio-Castillo*, 2024 WL 453608, *2-3 (E.D. Pa. February 6, 2024) accurately summaries the current state of the law in this Circuit with regard to Amendment 814:

> As amended by the First Step Act of 2018, 18 U.S.C. Section 3582(c)(1)(A) authorizes defendants to file a motion for compassionate relief after exhausting the Bureau of Prisons' administrative processes.  A court may grant a motion for a sentence reduction if the court determines that (1) 'extraordinary and compelling reasons' warrant the reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is supported by the traditional sentencing factors under 18 U.S.C. Section 3553(a), to the extent they are applicable.
>
> One year after Congress passed the First Step Act, however, the U.S. Sentencing lost its quorum to amend the compassionate release policy statement (USSG Section 1B1.13) to reflect the First Step Act's provision that a defendant was not authorized to file their own motion for compassionate release.  Courts, including the Third Circuit, thus held that the Commission's policy statement regarding defendant-filed motions for sentencing reduction under compassionate release was advisory, not binding.
>
> This changed in April 2023, when the Sentencing Commission promulgated new amendments to the Sentencing Guidelines.  Amendment 814 to the Sentencing Guidelines now revises U.S.S.G. Section 1B1.13 and makes the Commission's compassionate release policy binding.  Under Amendment 814, effective November 1, 2023, a defendant is now authorized to file a motion under 18 U.S.C. Section 3582(c)(1)(A).  Amendment 814 also expands and modifies the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. Section 3582(c)(1)(A), as follows: (1) additional 'Medical Circumstances' subcategories; (2) modified Family Circumstances category; (3) new 'Victim of Abuse' category; (4) modified 'Other Reasons' category; and (5) new 'Unusually Long Sentence' category.  U.S.S.G. Section 1B1.13(b)(Nov. 1, 2023).  *Hignicio-Castillo*, *supra.*

The Amendments to Section 1B1.13 of the Sentencing Guidelines render the Policy Statement applicable to the instant Motions filed by Defendant. They retain the above definition

of "extraordinary and compelling reasons," based on the medical circumstances of a defendant

(*see* U.S.S.G. § 1B1.13(b)(1)(A) & (B)), and add the following additional medical

circumstances.

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

> (D) The defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

> U.S.S.G. § 1B1.13(b)(1)(C) & (D).

It is the defendant who bears the burden of proof, by a preponderance of the evidence,

with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A).

*United States v. Grasha*, Crim. No. 18-325, 2020 WL 5647829, at *2 (W.D. Pa. Sept. 24, 2020)

(citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a

defendant may file a Section 3582(c)(1)(A) motion with the Court.  As explained by the Court of

Appeals for the Third Circuit in *United States v. Harris,* 812 Fed. App'x. 106 (3d Cir. 2020),

Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release

pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request."  *Harris,*

812 Fed. App'x. at 107.

III.    *Discussion*

Defendant is currently 63 years old, having commenced chemotherapy for Stage 4 bladder cancer in January of 2023 (after diagnosis in 2022), and he was transferred to the Federal Medical Center (FMC) Butner, in February of 2023, for ongoing medical and oncology services. Since that time, and contemporaneous with the filing of both rounds of his Motions for Compassionate Release, the Court has reviewed copious medical records that evidence Defendant's post-sentencing diagnosis of bladder cancer (in October of 2022), which is advanced to terminal Stage 4 metastatic bladder cancer and is rapidly progressing. Defendant is now being prescribed numerous pain medications for the purpose of palliative care and relief. Defendant again seeks a sentence reduction to time served and lifetime supervision on the basis of his terminal medical condition. The amended provisions of U.S.S.G. § 1B1.13 apply to Defendant's current Motions.

A.  *Administrative Exhaustion Requirements*

Preliminarily, the Court finds that Defendant has attempted to exhaust his administrative remedies, although the Court notes that the Warden/BOP has chosen not to address his Motion and has cited its prior denial, just a few months ago. The parties do not contest administrative exhaustion. Accordingly, the Court will undertake a merits analysis.

B.  *Merits Analysis*

The findings of this Court in the First Round of Motions to Reduce Sentence are well known to the parties and were recounted in the Background Section of this Memorandum Order. However, at the outset of this merits analysis, the Court finds that both the similarity of the arguments, and the passage of only 9 months since the Court previously considered and denied

12

Defendant's First Round of Motions to Reduce Sentence, and less than 6 months after summary action was granted by the United States Court of Appeals for the Third Circuit, leads this Court to question whether Defendant's current Motions (although not titled as such) merely constitute a Motion for Reconsideration.

The Court has concerns that the instant Motions are an attempt to relitigate the Court's prior rulings thereon, which were just recently affirmed on August 6, 2024, through Summary Action, by the Court of Appeals for the Third Circuit. Doc. 299. There have been no material changes in this case; however, with the progression of Defendant's condition and his new arguments relating to inadequacy of care, for the sake of thoroughness and in an abundance of caution, the Court has employed the Standard of Review which is applicable to Motions to Reduce Sentence.

> 1. *Defendant's "new" contentions regarding inadequacy of care are not an extraordinary and compelling reason to warrant release.*

In the 9 months since Defendant last filed, and this Court ruled upon, his First Round of Motions to Reduce Sentence, Defendant now alleges that his care is inadequate and that his condition is worsening. Defendant claims that he should have been transferred to the fifth floor of the FMC, for palliative/hospice care, but he remains on the fourth floor with all of the cancer patients, because the fifth floor is currently closed due to inadequate staff. Defendant contends, with evidentiary support, that his illness is terminal, and the Court has already found that his condition constitutes an extraordinary and compelling reason. Defendant seeks for this Court to intervene so that, in his words, he may die at home.

Akin to Defendant's First Round of Motions for Compassionate Release, he again further contends that, with the exception of the serious nature of the offense conduct in this case, all other factors under the Section 3553(a) support a sentence reduction to time-served, with

immediate release on lifetime supervision, for him to undergo his remaining medical treatments in the form of palliative care and hospice at home.

The parties do not appear to dispute that Defendant's condition is similar or even declining and his medical records reveal the same. The parties do, however, dispute Defendant's current contentions that the level of care he is being provided at FMC Butner is wholly inadequate. The parties vigorously dispute whether Defendant is receiving adequate medical care. Defendant does not provide admissible record evidence to support his assertions in this regard. Instead, the medical records reveal that the physicians and staff at the FMC in Butner have been and are providing consistent, sustained, and appropriate medical care. The sheer volume of the records (over 2580 pages of documentation) demonstrates that Defendant's treatment has been extensive. The most recent medical record supplement, which is 160 pages in length, reveals that the Defendant is being treated almost daily, his pain is within reasonable limits given the painful nature of Defendant's cancer, and his medical needs are being addressed in a timely manner. The Court simply does not agree with Defendant that his care has been inadequate and that the allegations concerning his lack of care, without credible record evidence to support these assertions, constitutes an extraordinary and compelling reason to justify his release.

### 2. A sentence reduction in this case would not be consistent with the applicable factors set forth in 18 U.S.C. Section 3553(a).

Upon careful consideration of the Section 3553(a) factors, the Court does not find that release would be appropriate. Most significantly, upon review of the applicable Section 3553(a) factors, the Court finds that granting Defendant's request for a sentence reduction pursuant to Section 3582(c)(1)(A) is not appropriate due to: (1) the nature and circumstances of Defendant's offenses; (2) Defendant's history of prior uncharged criminal behavior (which includes trial

testimony of prior abusive conduct committed by Defendant against trial witnesses - Victims 1 and 2, who are now adults); and, (3) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C.§ 3553(a).[2]   This Court previously analyzed these factors as set forth above in the April 26, 2024, Memorandum Order thereon.  Doc. 296.

The extremely egregious nature and circumstances of the offenses and history and characteristics of Defendant are the primary reasons for this Court's decision to deny his Motions. This Court's analysis is centered upon the very serious nature and circumstances of Defendant's offenses, which involved sustained and habitual sexual misconduct and abuse of minors over state lines. Defendant used travel, money, drugs, alcohol, and gifts in order to perpetrate his criminal conduct upon the victims, who came from troubled family situations.

Defendant's release would minimize the severity of his offense, could pose a danger to the community, and would result in an unwarranted sentencing disparity.   The Court entered a no-contact order banning Defendant, his family, his private investigator and/or his attorney from contacting the victims and their families based upon troubling and aggressive pre-trial and post-trial tactics.  Likewise, as the Court stated in its Order on the First Motions to Reduce Sentence, Defendant has served only one-quarter of his 360-month term of imprisonment.  *See United States v. Freed*, 845 F. App'x 198 (3d Cir. 2021) (not precedential) (district court did not abuse its discretion in denying release; assuming the defendant presented extraordinary circumstances

---

[2] The Government has continued legitimate concerns about the safety of the public and protection from further crimes by this Defendant, and cites the continued angst of the victims over the prospect of Defendant being released from prison.  The Court remains sympathetic to the victims' legitimate viewpoints.  The Court also recognizes that the declining health of Defendant at least may theoretically lessen the likelihood that Defendant may commit further crimes.  The Court does not weigh this factor for or against Defendant in this Order, but also reiterates that, recently, Defendant and his associates were the subject of a no-contact Order, based upon inappropriate communications with the victims and their families, which remains in effect.  Doc. 263.

based on health, he had served only 8 years of a 20-year sentence for child exploitation offenses that involved causing the defendant's stepdaughter's friends to send him sexually explicit pictures).

To grant Defendant's Motions would not reflect the seriousness of the offenses, promote respect for the law or provide just punishment for the offenses in this case. The lengthy duration of Defendant's sexual offending, and the fact that he evaded any prior legal consequence, outweighs any consideration of his lack of criminal convictions and his purported low risk of recidivism (based upon his scores and his health).

Additionally, nothing in the medical documentation demonstrates that Defendant is receiving inadequate care. Defendant provided a letter from an alleged former nurse at FMC-Butner who saw Defendant and recently resigned from FMC-Butner and an NPR report alleging inadequate care at Butner to support his claim that he has received inadequate care from the BOP. As the Government points out, and this Court agrees, such documents are generalized and cannot provide credible documentation to conclude that Defendant's medical care is inadequate.

Finally, while Defendant's post-sentencing rehabilitation efforts (including numerous religious programs that he successfully completed) are commendable, the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," are the remaining factors that weigh against Defendant's release. 18 U.S.C.§ 3553(a).

*IV.      Conclusion*

For all of the above stated reasons, and for the reasons set forth in the Court's April 26, 2024, Memorandum Order on Defendant's First Round of Motions for Compassionate Release, Defendant's Second Round of Motions (Doc. 300, Doc. 304 and Doc. 307) are DENIED.

SO ORDERED, this 4th day of February, 2025

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All ECF Registered Counsel of Record